THE STATE OF CONNECTICUT *vs.* ADDIE BURNS.

Second Judicial District, Norwich, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Requests to charge which are framed in language likely to mislead and confuse, may properly be refused, especially if the requesting party is given the benefit of the substance of such requests in the charge of the court.

The fact that in proving the crime charged it may incidentally appear that the accused has committed another and distinct offense, is immaterial.

Carnal knowledge and abuse of a female under sixteen is none the less a crime because it takes place in a house of ill-fame; nor is a woman

who aids and abets the chief actor guilty of a lesser offense merely because she happens to keep the house and may be liable to prosecution for harboring the complainant for purposes of prostitution.

It is well settled that a person may be guilty, either as principal or accessory, of a crime which he is personally incapable of committing alone. Accordingly, a woman may be guilty of carnally knowing and abusing a female child, by aiding and abetting a man to commit that crime.

General Statutes, § 1583, providing that one who assists and abets another to commit any offense may be prosecuted and punished as if he were the principal offender, abolishes the distinction which was made at common law between principal and accessory in cases of felony, and makes them all principals, as they were at common law in cases of treason and misdemeanor.

Under that statute it is permissible, in an information against an accessory before the fact, either to charge the accused with the offense directly, as if he were the principal, or to state fully the acts of aiding and abetting which, by virtue of the statute, constitute him a principal offender.

An information alleging that the accused, a woman, and an unknown man, did, at a time and place stated, carnally know and abuse a certain female under sixteen, sufficiently notifies the accused of the claim of the State, viz, that the man committed the act and that she, the accused, aided and abetted him therein.

Assignments of error should be specific. It is not enough to state that the trial court erred in admitting the evidence of *A*, as contained in such and such a paragraph of the finding, if that sets out a considerable portion of *A's* testimony, most of which came in without objection; but the particular ruling or rulings which it is intended to attack on appeal should be pointed out.

While this court may, in its discretion, consider important rulings pointed out in argument, even though not properly assigned, it certainly cannot be expected to search the record for errors which counsel have failed to indicate either in their reasons of appeal or in argument.

Argued April 28th—decided June 8th, 1909.

INFORMATION charging the defendant and an unknown man with carnally knowing and abusing a female under the age of sixteen years, brought to the Superior Court in New London County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment of guilty, and appeal by the accused for alleged errors in the rulings and charge of the court. *No error.*

*William B. Stoddard,* for the appellant (the accused).

*Hadlai A. Hull,* State's Attorney, for the appellee (the State).

THAYER, J. The appellant was convicted upon an information filed by the State's Attorney charging that she, and a man to the attorney unknown, did unlawfully carnally know and abuse May Burns, a female under the age of sixteen years.

Upon the trial the State claimed to have proved that the accused agreed with a man, whose name and person were unknown either to the State Attorney or to the said May Burns, to procure for him a young girl for the satisfaction of his sexual lust; that through the agency of two persons in New Haven she procured to be brought to a house of ill-fame kept by her in New London the girl May Burns, the complainant, who was then under the age of sixteen years; and that she ordered, directed and induced the girl to go into a bedroom in that house with that man, where he, against her protest, had sexual intercourse with her.

The accused was confessedly the keeper of a house of the character mentioned. She was permitted upon the trial to introduce evidence to prove that at the time of the trial there was pending against her in the Superior Court another information charging her, under § 1311 of the General Statutes, with receiving, employing, harboring, and using the complainant May Burns for purposes of prostitution. That section provides a penalty for receiving, employing, using, and harboring any female for such purposes. The accused, in the Superior Court, claimed that the State's evidence showed only a violation by the accused of this section of the statutes, and asked the court, in various forms of request, to charge the jury, in effect, that the State must satisfy them that she had committed some act outside of the acts and crimes described in § 1311, or she was entitled to an acquittal.

Some of these requests were improper in form, and each of them, if given in the language in which it was framed, would have tended to mislead and confuse the jury. The court properly refused to give the requests as made, but fully charged their substance by calling the attention of the jury to the language of the statute under which this prosecution was brought, and also to the language of § 1311, and explaining to them that a person may be convicted under the latter although the female who is received and harbored in the house of ill-fame is above sixteen years of age and no act of sexual intercourse is proven to have taken place, while under the former it was essential to a conviction to prove that an act of sexual intercourse actually took place and that the female was under the age of sixteen years. The jury were also instructed that these were the only essential elements of the crime for which the accused was being prosecuted, and that the State must prove that at the time and place claimed by it the unknown man actually had carnal knowledge of the girl, May Burns, and that the accused in some way participated in the offense.

Under the charge given the jury must have found proven the facts essential to establish a violation of § 1148, some of which are not essential to prove a violation of § 1311. Facts which tended to prove her guilty under the latter were introduced to show the time and place of the commission of, and the connection of the accused with, the offense charged. The circumstance that the facts proved her guilty of another crime, did not stand in the way of her conviction of the crime charged if the other necessary facts were proved.

If, as claimed in the argument, the accused was charged with one offense and convicted upon proof that she was guilty of another, we cannot know that fact as the evidence is not before us. We are bound to assume the contrary, both from the verdict of the jury under the charge, and from the finding of the court that the State offered evidence

tending to prove that the accused had an agreement and arrangement with the man to procure a young girl for him for his sexual gratification, and that in pursuance thereof she procured the said May Burns and directed and ordered her to go into a bedroom with him for that purpose, which he there accomplished against the protest of the girl.

Carnal knowledge and abuse of a female under the age of sixteen years being a crime and punishable under § 1148, the fact that the act occurs in a house of ill-fame does not remove, or reduce the degree of, its criminality. As the court properly told the jury, there is nothing in § 1311 which stands in the way of a conviction under § 1148. The latter provision is for the protection of girls from themselves, and the offender does not avoid its consequences by inducing the girl to enter a house of bad character for the perpetration of the act.

Another claim made by the accused was that as she was incompetent in her own person to commit the crime charged, she could not be convicted either as principal or as accessory before the fact. A refusal to charge to this effect is complained of by the defendant. That a person may be guilty as a principal or as an accessory, of a crime which he is personally incapable of committing alone, is too well settled to require extended citation of authorities. 1 Hawkins, P. C., p. 170, § 6; *State* v. *Sprague,* 4 R. I. 257, 261; *People* v. *Chapman,* 62 Mich. 280, 285, 28 N. W. 896; *State* v. *Jones,* 83 N. Car. 605; *Bishop* v. *State,* 118 Ga. 799, 802, 45 S. E. 614.

The accused claimed that, if guilty at all, she could not be guilty as principal but only as an accessory at common law, and that she was not charged with that offense in the information, and requested the court to so instruct the jury. Had the accused been present at the fact, aiding and abetting, she would have been guilty at common law as a principal, and so the request did not correctly state the law. But it appears from the finding that the State did not claim

The State *v.* Burns.

that she was present at the fact, but that she aided and abetted prior thereto. The court instructed the jury that under § 1583 of the General Statutes, which provides that "every person who shall assist, abet, counsel, cause, hire, or command another to commit any offense, may be prosecuted and punished as if he were the principal offender," a woman who abets, counsels, causes, hires, or commands a man to commit this offense may be prosecuted, informed against, and convicted as if she were the principal offender. The ground of the foregoing request, and of an exception which was taken to the portion of the charge just referred to, was that the accused was not and could not be a principal in the offense charged. No claim was made in the Superior Court, or here, that if the accused could be a principal in such an offense as this the complaint was insufficient to apprise her of the State's claim that her part in the transaction was aiding and abetting the man. But the information was sufficient had such a claim been made. It alleges that she and an unknown man committed the crime, and this informed her that the State's claim would be that the act which she insists that she, as a woman, could not perform, was done by the man, and that she aided and abetted him either before or at the fact. By the statute to which the court alluded, however, it was not necessary to set out the facts showing her to have been an accessory. At common law it was only in cases of felony that there could be accessories. In treason and misdemeanors all were principals. The statute has done away with the distinction between principals and accessories in felonies, and now all are principals, the same as in treason and misdemeanors. No man can now be an accessory to a felony committed here; "he is a principal or nothing." *State* v. *Grady*, 34 Conn. 118, 131. And in *State* v. *Hamlin*, 47 Conn. 95, 119, we said that "an accessory may . . . be indicted as . . . principal, that is, he may be charged in the indictment with having actually committed the offense as principal, or he may be indicted

The State *v.* Burns.

as accessory as for a substantive offense." The latter course would be but to state fully the facts which constitute him, under the statute, a principal. In the present case the offense is described in the language of the statute, and it is charged to have been committed by the accused and an unknown man. The statute warranted the court's charge that she could be convicted upon proof that she aided and abetted the man in committing the offense.

No one of the three exceptions to the admission of evidence has been pursued in the appellant's brief or in the oral argument. The exceptions are improper in form, in that they fail to point out the particular rulings excepted to. Where, as in this case, a paragraph of the finding contains a considerable portion of the evidence given by a witness, the greater part of which came in without objection but to some portions of which objections and exceptions were taken, it is not enough, in the appeal, to merely assign as error that the court erred in admitting the evidence of such witness as contained in such paragraph, but the particular ruling or rulings to be attacked on the appeal should be definitely indicated. While upon such an assignment, if counsel in their brief or oral argument designate particular rulings upon important questions to which exceptions were taken, the court might not refuse to consider them, it is not bound to do so under the statute and rules. But it cannot be expected to examine several pages of evidence and numerous exceptions in a search for errors which counsel have not pointed out either in their appeal or their argument.

There is no error.

In this opinion the other judges concurred.