STATE *ex rel.* CLAIBORNE COUNTY BANK *et al. v.* RUNIONS.

*(Nashville,* December Term, 1950.)

Opinion filed August 31, 1951.

J. R. KETRON, of Tazewell, for appellants.

ROGERS KIVETT, of Tazewell, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill was filed by complainants to require Trustee Runions of Claiborne County to show cause why the peremptory writ of mandamus should not issue so as to order him to comply with the contract entered into by

the Finance Committee of Claiborne County with the complainant bank, as authorized by Sections 1039 to 1044, inclusive, of the Code.

The Quarterly County Court of Claiborne County by resolution appointed a Finance Committee with full powers to contract with any bank, or banks, for the deposit of the county's funds. The contract in question followed whereby the county agreed to deposit all its funds for a period of one year with a provision for four one year renewals in consideration of the bank paying $1 per year interest and in further consideration of the bank cashing county warrants and holding some without interest until the county had funds available with which to take up and discharge the warrants. The defendant trustee refused to deposit the funds in said bank, and the suit resulted.

We think the Chancellor was correct in holding that the defendant trustee is bound by the resolution adopted by the county court and contract entered into in accordance with said resolution.

It further appears that the contract entered into is in accordance with the Sections of the Code above referred to. There is nothing in the record to show but that the committee accepted the highest and best bid to pay interest on the daily balances of the county's funds.

Objection is also made to the fact that the contract is for five years. However, it must be noted that the contract provides that it must be approved each year by the county judge, who is Chairman of the Finance Committee.. We cannot say that a contract of this nature for five years is an unreasonable time.

We have considered all the assignments of error and find them without merit. The decree of the Chancellor is affirmed.

All concur.