BRYSON *et al. v.* STATE.

*(Jackson,* April Term, 1953.)

Opinion filed June 5, 1953.

WILLIAM A. SHOAF, of Covington, for defendants.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

The three defendants were convicted under two indictments charging rape, with ten year sentence in each case.

Patsy Patrick, fifteen years old at the time of the alleged offense, testified that on the night of October 28, 1950, she was in a moving picture show with friends when Reba Smith, one of the defendants came up and asked her to accompany her to the car to take a package. These two girls went to the car, which was parked about two blocks from the picture show, and there they found Bobby Bryson and Franklin Gray. Reba talked to the two boys and the three then approached Patsy. The boys seized her and led her to the grammar school lot about two blocks from the parking lot. Patsy testified that she was taken to a bush near the schoolhouse and thrown to the ground; that Bryson held her while Gray raped her and then Gray held her while Bryson raped her. Patsy testified that Reba told her it would be best to let the boys do as they wished, that there was nothing Patsy could do about it. Patsy further testified that after the offense occurred, she returned to the picture show and got her brother-in-law; that the two went to the courthouse and reported the offense to some deputies; that she then returned to her home and told her mother about what had happened.

The mother testified that the girl was upset and cried all night and that her underclothing was dirty and appeared to be stained with blood.

Some time later during the night, Patsy was taken to a Dr. Rule at his clinic for examination.

The witness Barton testified that about 10:30 on the night of the alleged assault, he saw Patsy going from the

direction of the parking lot towards the picture show and she appeared to be crying.

All the defendants denied their guilt. According to the testimony of Reba Smith, Patsy came to her in the theater and tried to get her to go out to meet Milford Gray and that Reba suggested they go walking, and the two girls did so with the two boys. Reba testified that after they had walked some distance, Patsy said she saw some one she knew and immediately left the three defendants.

At the time of the trial, Reba Smith was married to Bobby Bryson. Several months before her marriage she had given birth to a child by Bryson.

Dr. Rule testified that when he examined Patsy on the night of the alleged offense, he found no evidence indicating that she had been raped. However, in rebuttal, witnesses who heard him testify before the county judge stated that on that occasion he made statements indicating that the girl had been raped. Among these rebuttal witnesses was Judge Bringle, County Judge, who testified that at the time he thought he had authority to try these defendants as juveniles. He testified at the hearing before him that Dr. Rule testified his examination showed that there was a slight torn place in Patsy's vagina near or at the hymen that indicated that it was of recent origin and that the hymen had been ruptured.

The principal assignment of error goes to the sufficiency of the evidence. However, we cannot say that the evidence preponderates against the verdict of the jury. This is a most regrettable affair as the defendants are around fifteen and sixteen years of age.

The jury heard and saw the witnesses testify and we do not feel disposed to disturb this verdict and in fact, we can assign no reason why it should be disturbed. The

physical facts and the testimony of the witnesses point to the guilt of the defendants.

The trial judge correctly charged the jury that they must be satisfied of the guilt of each of these defendants beyond a reasonable doubt before they would be warranted in bringing a verdict of guilty. On the testimony, the jury saw fit to believe the witnesses for the state and convicted the three defendants.

■ In this Court, such being the case, the defendants are presumed to be guilty.

*Mahon* v. *State,* 127 Tenn. 535, 156 S. W. 458.

It is next insisted in behalf of the female defendant, Reba Smith, that a female cannot be guilty of rape. In the case of *State* v. *Jones,* 83 N. C. 605, the Court said:

"At common law, rape was a felony, and the rule was, that all persons who were present aiding, abetting and assisting a man to commit the offense, whether men or women, were principal offenders and might be indicted as such, or if not present in a legal sense, they might be guilty as accessories before or after the fact."

See also *State* v. *Burns,* 82 Conn. 213, 72 A. 1083; *Watson* v. *State,* 184 Tenn. 177, 197 S. W. (2d) 802; Tenn. Code, Section 10758.

In the present case, the jury believed from the testimony that Reba Smith was actively engaged in aiding in the commission of these criminal offenses. She lured Patsy from the picture show to the automobile where her co-defendants were waiting. According to the state's testimony, the three moved toward Patsy, the two boys seizing her and carrying her away. The defendant Reba Smith went with them to the school yard and while the acts were being committed, she told Patsy not to resist.

We think that under the state's theory and its testimony Reba Smith was actually engaged in aiding in the commission of the offense.

We have considered all of the assignments of error, find no reversible error and the judgment of the lower court must be affirmed.