PEOPLE v. GAVIN

HOMICIDE—FELONY MURDER—COMMON-LAW ROBBERY.
  The common-law offense of robbery has been supplanted by the
    statutory offense of robbery, but the common-law offense of
    robbery is still sufficient to support a conviction of felony
    murder where a homicide was committed during the commis-
    sion of a common-law robbery.

Appeal from Recorder's Court of Detroit, William
J. Giovan, J.   Submitted Division 1 November 2,
1971, at Detroit.   (Docket No. 9713.)   Decided
December 6, 1971.   Leave to appeal denied, 387
Mich 766.

Sylvester Gavin was convicted of first-degree
murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide § 46.

O'HARA, J.   Defendant was convicted by a jury in Recorder's Court of the offense of first-degree murder committed during perpetration of an armed robbery.   MCLA 750.316; MSA 28.548.

At approximately 10:30 p.m. on September 27, 1969, defendant, using the name of an acquaintance, gained entrance to the house of George Baker. Upon entry he pointed a pistol at Baker and demanded his wristwatch and diamond chip ring. At this time Baker's roommate, Kenneth D. Scruggs, entered the room.   Defendant shot and killed him.

Appellate counsel interposes the ingenious defense that defendant's conviction of first-degree murder must be reversed because the statute under which he was prosecuted for felony murder[1] has, as one of its elements, the common-law offense of robbery.   This offense, he asserts, does not exist in Michigan since it has been superseded by statute. He cites venerable authority in support of his premise, *People* v. *Calvin*, 60 Mich 113 (1886). True, *Calvin* (at p 120) does contain this language: "We must consider the common-law crime superseded by the statute   *   *   *   ".

Thus, resourceful counsel argues, the trial judge was obligated to charge that malice, as legally defined, had to be found by the jury before defendant could be convicted of murder in the first degree. This is exactly what the trial court did not charge. He charged rather that if the jury found the killing occurred in the perpetration of, or attempt to perpetrate, a robbery, the jury need not find malice,

---

[1] "Sec. 316.   First degree murder—All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life."

intent, or deliberation, because in this circumstance the statute presumes those necessary elements.

Defendant's argument at first blush seems unassailable. There is no common-law offense of robbery in this state, so the charge as given was fatally defective. Counsel however apparently overlooked another statement in *Calvin* which decimates this argument.

"The question now arises whether the common-law offense of robbery exists in this State, in view of the statutes above noted: [Citations omitted]. *The information charges sufficiently the common-law offense:* * * * ." *Calvin, supra,* p 120. (Emphasis supplied.)

What the *Calvin* Court said is that in a prosecution for robbery:

"a common-law information *for robbery* is not permissible in this State, but the crime must be laid under the statute." (p 120.) (Emphasis supplied.)

What the *Calvin* Court (or any other appellate court in this state) did *not* say is that an information for *felony murder* cannot be laid under the common-law offense of robbery.

That is what was done here. The trial judge charged correctly as to the elements of common-law robbery. He instructed the jury that if it found the killing occurred in the perpetration of that offense, the killing was murder in the first degree.

The jury so found. It could hardly have done otherwise. There was no error.

The conviction is affirmed.

All concurred.