**Maxine McCOLLUM, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 20, 1975.

Certiorari Denied by Supreme Court
Dec. 1, 1975.

Douglas A. Meyer, Chattanooga, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Asst. Dist. Atty. Gen., Chattanooga, for defendant-in-error.

## OPINION

RUSSELL, Judge.

Maxine McCollum appeals in error her two convictions for passing forged checks resulting from a single trial upon two separate charges. For passing such a forged instrument(s) involving more than one hundred dollars ($100.00) she was sentenced to three (3) to five (5) years; and in the other case, involving less than one hundred dollars ($100.00) she received a penitentiary sentence of one (1) to two (2) years.

The defense was that all of the checks were genuine and were given to the accused by the purported drawer in payment for personal services rendered. The State's theory was that blank checks had been stolen from the owner's hotel room residence and subsequently forged. There was convincing evidence that the checks were forgeries; and the defendant's theory that checks of $50.00, $50.00, $35.00 and $85.00, all dated the same date and all payable to her, were given by Clara Fotopoulos for

maid and personal grooming services is incredible on its face. We note that in her petition seeking suspension of these sentences that plaintiff-in-error avers that " * * * she has learned the error of her ways, * * * ".

■ The threshold assignment of error is that a "tactical plea of guilty" should have been accepted as a matter of constitutional right, despite the declarations of the accused in open court that she was not in fact guilty. Apparently a plea bargain was struck under which guilty pleas would result in six (6) months sentences. However, the transcript reflects that when the accused protested her innocence in open court that the State then withdrew its settlement offer. Defense counsel insisted upon an alleged right to enter the plea and take the six (6) months, while the accused was maintaining her position of innocence and after the State had withdrawn its offer. The trial judge correctly held that no such right existed. While the U.S. Supreme Court has held in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 162 (1970) that there was no constitutional error in accepting a guilty plea which contained a protestation of innocence when the defendant had intelligently concluded that his interests required entry of a guilty plea and the record before the judge contained strong evidence of actual guilt, this is not to say that an accused has the absolute right to have such a guilty plea accepted. Quoting from *North Carolina v. Alford, supra*, it is there said, in footnote 11:

> "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court * * although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. * * "

Here, the plea was implicitly conditional upon the imposition of a sentence of six (6) months, a facet of a plea bargain offer withdrawn by the State. The trial judge was not required to accept such a conditional plea. We are not faced with the question of whether or not a trial judge must permit and accept an unconditional guilty plea from one protesting innocence, as central to the assignment of error sub judice is the claim to six (6) months as punishment.

■ The next three assignments of error question the legal sufficiency of the convicting evidence, and are overruled.

■ Error is assigned "in permitting the State to cross-examine defendant about a check she cashed at Bullen Drugs". Aside from the question of whether or not a proper objection was made to this testimony, it was obviously competent. The check apparently was another bearing the signature of Clara Fotopoulos and its possession and cashing by the defendant was directly relevant to the factual issues in dispute. Each additional check possessed by Maxine McCollum made her story less credible.

The same disposition is made of the next assignment, and for the same reasons. Certainly the State could cross-examine the defendant about a Clara Fotopoulos check that defendant's sister attempted to cash during this same time frame. Nor was it error to introduce the sister's photograph and the Fotopoulos check that the sister attempted to pass.

■ We overrule the assignment complaining that the defendant was asked on cross-examination about her prior felony (forgery) conviction in federal court. There is no record indication that the evidence was considered on any issue other than credibility.

■ "The State's questions in cross-examining defendant contained statements and purported facts not in the record" and

"The trial Court erred in not instructing the jury to disregard inadmissible testimony" are assignments of error too general for us to define and discuss, and are not made any clearer by the written argument filed. Rule 17 requires a concise statement of the errors of fact and law complained of, with reference to the parts of the record relied upon to support plaintiff-in-error's contention as to the facts.

█ It is contended that a mistrial should have been entered because the State started to question the defendant about a conviction in the Criminal Court of Hamilton County. An objection was interposed, the jury sent out, and the objection sustained. The incomplete and unanswered question was not repeated in the jury's presence. The assignment is overruled.

█ Error is assigned upon "the arguments of the State". Again, specificity is lacking. The only elaboration in written argument is to three instances of defense objections being sustained. We have carefully reviewed the entire argument and find no reversible error.

█ The final plaint is that a motion for a written transcript of the trial was denied. This record is here on verbatim video and audio tape recordings, as authorized by Rule 2–B of our Supreme Court. We have discerned no deprivation of plaintiff-in-error's rights in this instance because of this system, and overrule the assignment.

O'BRIEN and DUNCAN, JJ., concur.