**Douglas Ray STEWART, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 30, 1975.

Certiorari Denied by Supreme Court Jan. 26, 1976.

Walker Gwinn, Asst. Public Defender, Memphis, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Advocate Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Wayne Emmons, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

DUNCAN, Judge.

## OPINION

The appellant, Douglas Ray Stewart, hereinafter referred to as the petitioner, brings this appeal contesting the dismissal of his petition for post conviction relief by the Honorable James C. Beasley, Judge of Division IV of the Shelby County Criminal Court.

The petitioner's complaints are that the rape statute under which he was convicted, T.C.A. § 39–3701, is unconstitutional and that the State suppressed evidence at his original trial.

■ With respect to the constitutional question, the "Findings of Facts and Conclusions of Law," rendered by the able trial judge, contain the following:

"As to the novel attack upon the constitutionality of Section 39–3701, 'Rape defined', being sexually discriminatory and thereby violative of due process and equal protection of laws, such attack must fail although, it is pursued from two fronts. The first being that by definition only a male can commit the offense of rape and the second, as urged in oral argument, that a male cannot be the victim of rape and therefore the Petitioner under either or both has been denied equal protection of the law.

"Conceding the language of Section 39–3701 does prescribe (sic) the physical act of a male only in committing rape is not determinative of the issues in that under the laws of this State a female can be convicted and punished for the crime of rape as an Aider and Abettor or as an Accessory before the Fact under Section 39–107 through 39–110 T.C.A. and see *Bryson v. State* [195 Tenn. 313] 259 S.W.2d 535.

"The argument that only a female can be the victim of rape is academic in so far as this case is concerned but in passing the Court would observe that the laws of this State do protect males from unlawful sexual assault and abuse.

"If the Petitioner is seeking to challenge the physiological differences of the male and female he has picked the wrong forum.

"In applying the equal protection test to Section 39–3701 it must be determined whether the sexual classification contained therein is reasonable, not arbitrary, and does it rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. *Reed v. Reed,* 404 U.S. 71 [92 S.Ct. 251, 30 L.Ed.2d 225].

"The general rule seems to be that discrimination between the sexes with respect to matters in which sex is a material factor may be made by statute or other state action, without violating the equal protection guaranty, if the classification is a natural and reasonable one. 16A C.J.S. Const. Law, Sec. 544, p. 480.

"The Constitution, in enjoining the equal protection of the laws upon States, precludes irrational discrimination as between persons or groups of persons in the incidence of a law. But the Constitution does not require situations which are different in fact or opinion to be treated in law as though they were the same. *Goesaent [Goesaert] v. Cleary,* 335 U.S. 464 [69 S.Ct. 198, 93 L.Ed. 163].

"Section 39–3701 is clearly intended to protect women from unlawful forced sexual intercourse against her will, and possible resulting forced pregnancy and infection with venereal disease and such protection is not only a legitimate state purpose but a state duty. It follows therefore, that the sex classification contained in said statute is reasonable and bears a fair and substantial relationship to the object of the law.

"This Court finds Section 39–3701 T.C.A. to be a valid, constitutional statute which is in no way violative of the constitutional rights of Petitioner either as to its form, substance or application."

We think the foregoing exposition of the law adequately covers the constitutional question involved and we adopt it as part of this opinion. In passing, we would also note that in *State v. Bomar,* 209 Tenn. 567, 354 S.W.2d 763 (1962), our Supreme Court held that the rape statutes, T.C.A. §§ 39–3701–3702, were constitutional.

The petitioner's additional complaint that the State suppressed evidence at his original trial is without merit. This complaint concerns two statements which the victim had given to police officers. The two statements in question were examined by the trial judge in the present cause and he found that neither contained any exculpatory information which would have aided the petitioner at his trial. We have reviewed the statements which are exhibited in this record and we agree with the court's finding.

The trial court held that T.C.A. § 39–3701 was valid and constitutional, and further found that the State had not suppressed any evidence at the original trial. From our review of the record, we agree with those findings and affirm the trial court's ruling in dismissing the petition.

WALKER, P. J. and RUSSELL, J., concur.