STATE OF CONNECTICUT *v.* RICHARD IVES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 10, 1976—decision released February 1, 1977

*Thomas F. Brown,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was found guilty by a jury of assault, third degree, attempted larceny, first degree (extortion), and robbery, third degree, and appealed from the judgment rendered on the verdict. On the appeal, he has briefed and argued two claims of error. The first is that the court erred in charging the jury that the defendant could be found guilty as an accessory pursuant to the provisions of § 53a-8[1] of the General Statutes, although he had not been formally charged in the information with aiding and abetting. The second claimed error is that the court erred in denying his motion to set aside the verdict on the ground that the evidence was insufficient to justify the jury in finding him guilty beyond a reasonable doubt.

We find no merit to the assignments of error, which require little discussion.

As to the first claim, it suffices to note that the defendant did not take any exception to the charge which he now attacks. Not only does the claim not come within one of the exceptional circumstances noted in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576, but the claim is contrary to well-settled law. See *State* v. *Raffone,* 161 Conn. 117, 128, 285 A.2d 323; *State* v. *Cianflone,* 98 Conn. 454, 460, 120 A. 347; *State* v. *Burns,* 82 Conn. 213, 218–19, 72 A. 1083; *State* v. *Hamlin,* 47 Conn. 95, 120.

It would serve no useful purpose to summarize the evidence of the assault, attempted extortion and

---

[1] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

robbery. The evidence must be given the construction most favorable to sustaining the verdict; *State v. Avila,* 166 Conn. 569, 578, 353 A.2d 776; and this it does in ample measure.

There is no error.