PEOPLE v McDONALD

Docket No. 77-1294. Submitted June 12, 1978, at Detroit.—Decided
    September 21, 1978. Leave to appeal applied for.

Lee A. McDonald was found guilty but mentally ill of felony
    murder in the Wayne Circuit Court, William Leo Cahalan, J.
    Defendant appeals raising the issue of what effect, if any, the
    repeal of the rape statute and passage of the criminal sexual
    conduct act have had upon prosecutions for murder committed
    in the perpetration or attempted perpetration of a rape, and
    the issue of whether a statute which permits the conviction of a
    male for felony murder-rape is a statute which denies equal
    protection where it recognizes rape as only one form of crimi-
    nal sexual conduct, subject to the same penalties as other forms
    of forcible sexual penetration perpetrated by females, but does
    not allow conviction of females of felony murder-rape. *Held:*

1. The Legislature intended the crime of felony murder-rape
    to continue in existence despite the repeal of the rape statute
    and the passage of the criminal sexual conduct act where, as a
    result of such recodification, the offense formerly known as
    rape became punishable as one form of criminal sexual conduct
    in the first or third degree. In order for a classification drawn
    by a statutory scheme to be constitutionally valid on equal
    protection grounds the classification must be reasonable, not
    arbitrary, and rest upon some ground of difference having a
    fair and substantial relation to the object of the legislation, so
    that all persons similarly circumstanced shall be treated alike.
    The classification drawn by the felony murder statute whereby
    only males can be convicted as principals of felony murder-rape
    is not arbitrary or unreasonable, and does bear a fair and
    substantial relation to the Legislature's object of more severely
    penalizing felonies which are inherently dangerous to human
    life. Murder committed in the perpetration of carnal knowledge

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 534.
[2] 16 Am Jur 2d, Constitutional Law §§ 494, 496.
[3] 40 Am Jur 2d, Homicide § 72.
[4] 65 Am Jur 2d, Rape § 27.
[5] 40 Am Jur 2d, Homicide §§ 578, 579.

of a woman by force and against her will is felony murder while murder committed in the perpetration of other forms of forcible sexual penetration is not felony murder.

2. Sufficient circumstantial evidence was presented to justify a reasonable person in concluding that all elements of rape or attempted rape were established beyond a reasonable doubt at the defendant's trial.

Affirmed.

1. CRIMINAL LAW—RAPE—REPEAL OF STATUTES—CRIMINAL SEXUAL CONDUCT—STATUTES.

The Legislature intended the crime of felony murder-rape to continue in existence despite the repeal of the rape statute and the passage of the criminal sexual conduct act; with the passage of the criminal sexual conduct act the offense formerly known as rape became punishable as one form of criminal sexual conduct in the first or third degree, and thus, the conduct formerly known as rape still exists as a felony (MCL 750.316, 750.520a *et seq.;* MSA 28.548, 28.788[1] *et seq.).*

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—TEST—STATUTORY SCHEMES—VALIDITY.

The test used to determine equal protection questions provides that in order to be constitutionally valid a classification drawn by a statutory scheme must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.

3. HOMICIDE—CRIMINAL LAW—FELONY MURDER—STATUTE.

Murder committed in the perpetration of carnal knowledge of a woman by force and against her will is felony murder, while murder committed in the perpetration of other forms of forcible sexual penetration is not felony murder. (MCL 750.316; MSA 28.548).

4. CONSTITUTIONAL LAW—CRIMINAL LAW—FELONY MURDER—CLASSIFICATIONS—EQUAL PROTECTION.

The classification drawn by the felony murder statute whereby only males can be convicted as principals of felony murder-rape is not arbitrary or unreasonable, but in fact bears a fair and substantial relation to the Legislature's objective of more severely penalizing felonies which are inherently dangerous to human life; the rationale behind the classification is the determination that only males can rape and that this form of sexual

assault is more inherently dangerous to human life than others.

5. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—FELONY MURDER-RAPE—SUFFICIENCY OF EVIDENCE.

Sufficient circumstantial evidence was presented at a defendant's trial for felony murder-rape to justify a reasonable person in concluding that all elements of rape or attempted rape were established beyond a reasonable doubt where there was evidence that the body of the victim was found nude with stab wounds and a fractured skull outside of the house where she had been babysitting, with evidence indicating forced sexual intercourse, where the defendant was the last person known to be with the victim when she was still alive and he was found unconscious in a field about 1-1/2 hours after the murder with bloodstained clothing and teethmarks on his wrist, where the defendant's fingerprints, made in a substance appearing to be blood, were found on broken furniture in the house where the victim had been babysitting, and where the defendant told the police that he killed the victim.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: N. J. KAUFMAN, P.J., and BEASLEY and P. R. MAHINSKE,* JJ.

N. J. KAUFMAN, P.J. Following a jury trial held January 4 through February 17, 1977, defendant was found guilty but mentally ill[1] of felony murder, in violation of MCL 750.316; MSA 28.548. He was sentenced to life imprisonment on March 16, 1977, and appeals as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 768.36; MSA 28.1059.

On appeal defendant raises a two-pronged legal issue of first impression: What effect, if any, have the repeal of the rape statute, formerly MCL 750.520; MSA 28.788, and the passage of the criminal sexual conduct act, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.,* had upon prosecutions for murder committed in the perpetration or attempted perpetration of a rape? Defendant argues first, that there can be no conviction for felony murder-rape because "rape" is no longer a crime,[2] and secondly, that his conviction denies him equal protection of the laws because murders committed by females in the perpetration of forcible sexual assaults are not punishable as "felony murders".

The statute under which defendant was convicted provides in relevant part:

"All murder * * * which shall be committed in the perpetration, or attempt to perpetrate any arson, *rape,* robbery, burglary, larceny of any kind, extortion or kidnapping, shall be murder of the first degree * * * ." MCL 750.316; MSA 28.548. (Emphasis added.)

Prior to the passage of the criminal sexual conduct act in 1974, it was clear that the word "rape" in MCL 750.316 meant the offense which was defined in the rape statute, MCL 750.520. The rape statute made it a felony to "ravish and carnally know any female of the age of 16 years, or more, by force and against her will", or to "unlawfully and carnally know and abuse any female under the full age of 16 years". This statutory definition was basically a codification of common law rape, which was "the carnal knowledge of

---

[2] This issue was raised in another case submitted to the Court at the same time as the present case. In *People v Terry,* 86 Mich App 64; 272 NW2d 198 (1978), this Court rejected defendant's argument and held that the Legislature did not intend to repeal or modify the felony murder statute in enacting the criminal sexual conduct act.

a woman by force and against her will". *People v Crosswell,* 13 Mich 427, 432 (1865).

However, with the passage of the criminal sexual conduct act,[3] the offense formerly known as rape became punishable as one form of criminal sexual conduct in the first or third degree. MCL 750.520b, MCL 750.520d; MSA 28.788(2), MSA 28.788(4). Thus, at the time defendant McDonald committed his crime, the *conduct* formerly known as rape was still a felony. If sexual penetration was accomplished under aggravating circumstances, such as the use of force or coercion causing personal injury to the victim, as here, the offense became first-degree criminal sexual conduct. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

"Rape" is not the only felony within the murder statute that has undergone a change in definition from the common law. Most of the enumerated felonies of MCL 750.316 no longer retain their precise common law meanings. For instance "burglary", at common law the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony therein,[4] has been recodified into several statutes, none of which includes all of the common law elements and no others. See MCL 750.110 *et seq.;* MSA 28.305 *et seq.* "Kidnapping" no longer requires movement of the victim to another country, MCL 750.349; MSA 28.581, and "extortion" may now be committed by persons who are not public officers. MCL 750.213; MSA 28.410. For purposes of felony murder, we perceive no difference between these recodifica-

---

[3] For discussions of the provisions of the criminal sexual conduct act, see Note: *Criminal Law—Sexual Offenses—A Critical Analysis of Michigan's Criminal Sexual Conduct Act,* 23 Wn L Rev 203 (1976), and Note: *Michigan's Criminal Sexual Assault Law,* 8 U of Mich J of L Reform 217 (1974).

[4] LaFave & Scott, Criminal Law, § 96, p 708.

tions of common law felonies and the recodification of "rape" as criminal sexual conduct in the first degree. See *People v Gavin,* 37 Mich App 335; 194 NW2d 498 (1971), *lv den* 387 Mich 766 (1972).

We cannot presume that the Legislature intended to abolish the crime of murder in the perpetration of a rape by its passage of the criminal sexual conduct act. Rape has been one of the enumerated felonies of the murder statute since its enactment in 1837. Just as other statutory redefinitions of felonies enumerated in the murder statute have not somehow removed these felonies from the purview of felony murder, we find that the Legislature intended the crime of felony murder-rape to continue in existence despite the passage of the criminal sexual conduct act.

Defendant's equal protection argument is more troublesome. The issue is whether the conviction of a male for felony murder-rape is a denial of equal protection in a state which now recognizes rape as only one form of criminal sexual conduct, subject to the same penalties as other forms of forcible sexual penetration[5] perpetrated by females. The test we use in determining the equal protection question is that of *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971). In order to be constitutionally valid, the classification drawn by the statutory scheme " 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike' ".

[5] First degree criminal sexual conduct involves "sexual penetration" and is phrased in sex-neutral terms. MCL 750.520(b). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." MCL 750.520a(h); MSA 28.788(1)(h).

*Reed, supra,* at 76, quoting from *Royster Guano Co v Virginia,* 253 US 412, 415; 40 S Ct 560; 64 L Ed 989 (1920).

In the case at bar the classification assailed is created by the fact that the word "rape", rather than the words "criminal sexual conduct in the first degree", appears in the murder statute. As we read the statute, this wording means that murder committed in the perpetration of carnal knowledge of a woman by force and against her will is felony murder, while murder committed in the perpetration of other forms of forcible sexual penetration is not felony murder. Examples are murder committed by a woman in the course of forced fellatio, cunnilingus, or insertion of an object or body part into the vagina of a woman or the rectum of a man or woman. The murder statute thus may, in some instances, create a distinction based on the sex of the actor.

The prosecutor argues that if the classification found in the felony murder statute violates equal protection, then rape laws themselves would violate equal protection. Courts in other jurisdictions have found that rape laws do not deny equal protection to males.[6] There would be no change under the Equal Rights Amendment because rape laws are based on a physical characteristic unique to men. See Brown, Emerson, Falk and Freedman, *The Equal Rights Amendment: A Constitutional Basis for Equal Rights for Women,* 80 Yale LJ 871,

[6] *Moore v Cowan,* 560 F2d 1298 (CA 6, 1977), *State v Kelly,* 111 Ariz 181; 526 P2d 720 (1974), *cert den* 420 US 935; 95 S Ct 1143; 43 L Ed 2d 411 (1975), *State v Ewald,* 63 Wis 2d 165; 216 NW2d 213 (1974), *State v Fletcher,* 341 So 2d 340 (La, 1976), *State v Craig,* 169 Mont 150; 545 P2d 649 (1976), *People v Reilly,* 85 Misc 2d 702; 381 NYS2d 732 (1976), *Stewart v State,* 534 SW2d 875 (Tenn Cr App, 1975), *Finley v State,* 527 SW2d 553 (Tex Cr App, 1975), *People v Medrano,* 24 Ill App 3d 429; 321 NE2d 97 (1974), *State v Price,* 215 Kan 718; 529 P2d 85 (1974), *Brooks v State,* 24 Md App 334; 330 A2d 670 (1975), *People v Gould,* 188 Colo 113; 532 P2d 953 (1975).

954–961 (1971). Courts which have considered the constitutionality of rape statutes have reasoned, first, that physiologically, only men are capable of rape. There is thus no disparate treatment of persons similarly situated. Secondly, the objectives of rape laws are to protect women from forced sexual intercourse, unwanted pregnancy, and the physical and psychological injury which often accompanies rape. Finally, rape by males is a serious social problem, while "rape" by females is not necessarily so; in addition, criminal statutes do protect against females as aiders and abettors of rapists and as perpetrators of other forms of sexual assaults. As stated by the Minnesota Supreme Court in *State v Witt,* 245 NW2d 612, 616–617 (1976):

" * * * in enacting the former rape law, the Minnesota Legislature presumably made a factual determination that the rape of women by men is a significant social problem, involving unique and potentially severe physiological, psychological, and social injuries and traumas, and that other forms of sexual penetration, including a woman forcing sexual intercourse upon a man, are much less serious social problems because they occur extremely infrequently or because the harms they inflict are less grave, or because of both of these factors. This sort of legislative factual determination is not subject to judicial review." (Footnote omitted.)

In the instant case we find, consistent with the cases dealing with rape statutes, that it is not a violation of equal protection that only males can be convicted as principals of felony murder-rape. Only males can rape, and the Legislature has apparently made the determination that this particular form of sexual assault is more inherently dangerous to human life than others. This is the rationale behind felony murder. See *People v*

*Pavlic,* 227 Mich 562; 199 NW 373 (1924), *People v Carter,* 387 Mich 397, 422; 197 NW2d 57 (1972); Commentary, II CJI pp 16-107 through 16-123. We can find no fault with this determination, any more than we could with the legislative decision not to include other serious crimes, *e.g.* sale of heroin, in the list of enumerated felonies. We thus find that the classification drawn by MCL 750.316 is not arbitrary or unreasonable, but in fact bears a fair and substantial relation to the object of more severely penalizing felonies which are inherently dangerous to human life.[7] Should the Legislature wish to include other forms of first-degree criminal sexual conduct in the list of enumerated felonies, we would of course have no quarrel with such a revision of the law.

Defendant also argues that there was insufficient circumstantial evidence to show rape or attempted rape. We disagree. The body of the victim was found nude, in the backyard of Julie Fields' Romulus residence at approximately 6 a.m. on June 27, 1976. The cause of death was numerous stab wounds, a fractured skull, and/or hemorrhaging in the brain. On the victim's labia minora (inner lips of the vagina) were two abrasions consistent with forced sexual intercourse. The inside of Fields' house, where the victim had been baby-sitting, was covered with blood and strewn with broken furniture. The victim's 10-year-old brother, sleeping in a bedroom, was awakened around the time of the murder by sounds of banging, a girl crying, and a voice saying, "You fucking whore. You fucking bitch." Earlier that evening, defendant had asked Julie Fields to go and make love in

---

[7] We note that females who murder in the perpetration of criminal sexual conduct in the first degree are subject to life imprisonment for the criminal sexual conduct violation and also for second-degree murder. MCL 750.317, 750.520b(2); MSA 28.549, 28.788(2)(2).

the defendant's van. Fields had refused, but defendant's girlfriend Kathy had become angry and asked to be taken home.

Defendant, the last person known to be with the victim when she was still alive, was found unconscious in a field about 1-1/2 hours after the murder, with bloodstains on his clothing and teethmarks on the back of his wrist. Defendant's fingerprint was lifted from a broken plastic leg in the Fields' living room, made in or by a substance appearing to be blood. He told police, "I killed her. I killed Kath. Take me out and shoot me; I deserve to die."

We find that the above circumstantial evidence presented by the prosecution was sufficient to justify a reasonable person in concluding that all elements of rape or attempted rape were established beyond a reasonable doubt. *People v Johnson,* 83 Mich App 1; 268 NW2d 259 (1978).

We have considered defendant's other allegations of error and have found them to be without merit.

Affirmed.