PEOPLE v COX

1. CRIMINAL LAW—SENTENCES—DISCRETION—APPEAL AND ERROR.

The trial judge, and the trial judge alone, makes the decision as to what a defendant's sentence shall be, and the length of sentence is not subject to review if within the limits of the lawful penalty (MCLA 769.24).

2. CRIMINAL LAW—SENTENCES—DISCRETION—PRECEDENT.

Any departure from the longstanding case law establishing the trial court's discretion to impose a minimum sentence should be initiated by the Supreme Court or the Legislature.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 April 3, 1974, at Grand Rapids. (Docket No. 18542.) Decided May 2, 1974. Leave to appeal applied for.

Harlan E. Cox was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Dodge,* Assistant Appellate Attorney, for the people.

*Kenneth M. Weidaw, III,* for defendant on appeal.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 525–530, 533, 569.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny. MCLA 750.110; MSA 28.305. He was sentenced to a term of 5 to 15 years.

On appeal, defendant challenges the trial court's basis for imposing sentence.

The sentence record indicates:

*"The Court:* Mr. Rapoport [defendant's attorney], are there any circumstances you believe the court should consider in imposing sentence?

*"Mr. Rapoport:* The record should indicate that the court and I have conferred on this matter in chambers and I am aware that the court has a complete presentence investigation. I can only, once again, point out to the Court that Mr. Cox is a very young man who has just turned 17, as a matter of fact. Other than that, I can't add anything further.

*"The Court:* Mr. Cox, are there any circumstances you believe the court should consider in imposing sentence?

*"The Defendant:* No, sir.

*"The Court:* The sentence this court is about to pronounce is based on these considerations: the nature of the offense, the court's view that you are of danger to society, and the court's view that rehabilitation, if it is to be successful, will be a lengthy process and one which requires close supervision."

Defendant argues that a sentence determined by the exercise of undisclosed and unregulated discretion is unconstitutional. He requests this Court to establish standards and specific criteria which the sentencing judge must consider and refer to when deciding upon a proper sentence and to require the sentencing court to state the facts upon which he relies and afford defendant the opportunity to respond thereto.

Defendant does not charge that the sentence imposed was based upon false information, insuffi-

cient information, or prejudicial suggestions. He does not claim that the sentence does not fit the circumstances of the case or himself as an individual. Nor does he claim that he was denied access to the information contained in the presentence report.

In *People v Malkowski,* 385 Mich 244, 247; 188 NW2d 559 (1971), the Court stated:

"The trial judge, and the trial judge alone, makes the decision as to what his sentence shall be. The length of sentence is not subject to review if within the limits of the lawful penalty. (MCLA 769.24; MSA 28.1094.)"

We see no reason to depart from the longstanding case law in this state in respect to the trial court's discretion to impose a minimum sentence. Any departure therefrom should be initiated by the Supreme Court or the Legislature.

We find no error and affirm.