PEOPLE v BRAITHWAITE

1. CRIMINAL LAW—SENTENCING—BACKGROUND OF DEFENDANT—CONSTITUTIONAL LAW—DUE PROCESS.

   A sentencing judge needs complete information on a defendant's background to set a proper individualized sentence, but must always act within the dictates of due process.

2. CRIMINAL LAW—SENTENCING—PRIOR CONVICTIONS—CONVICTIONS IN FOREIGN COUNTRIES—CONSTITUTIONAL LAW—DUE PROCESS.

   A sentencing court may not consider for sentencing purposes any prior conviction of the defendant which was rendered in a foreign country, because such a conviction may not have been rendered in compliance with United States concepts of due process.

Appeal from Jackson, Gordon W. Britten, J. Submitted December 12, 1975, at Lansing. (Docket No. 22885.) Decided January 27, 1976.

Bruce Braithwaite was convicted of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Bruce A. Barton,* Prosecuting Attorney, for the people.

*Kenneth Lerner,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 585.
   Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

PER CURIAM. Defendant was charged with prison escape, MCLA 750.193; MSA 28.390. He pled guilty to the charge. A sentence of 10 months to be served consecutive to the term presently being served was imposed on September 12, 1974. Defendant appeals as of right.

Defendant raises several issues. The issue raised concerning the integrity of the guilty plea hearing is without merit. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). Defendant's conviction is affirmed.

Only one of the issues concerning sentencing warrants discussion.

The presentencing report noted that defendant had been convicted of a crime in Canada. The record clearly indicates that this conviction greatly influenced the sentencing judge in giving defendant a prison term to serve rather than probation. Defendant argues that the Canadian conviction should not have been considered by the trial court in imposing sentence. We agree.

A conviction under Canadian law is not the same as a conviction in an American jurisdiction. We can properly take judicial notice of the fact that in many ways, the constitutional guarantees which our system of justice protects are different in both kind and degree than those recognized even in modern democratic systems such as Canada's. A conviction in a foreign jurisdiction may often have been impossible were the accused arrested, tried, and sentenced under the same standards as in the United States.

A sentencing judge, of course, needs complete information on a defendant's background to set a proper individualized sentence. *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). But he must

always act within the dictates of due process. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974).

In *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), the Court held that a constitutionally infirm conviction (one obtained in violation of defendant's right to counsel) may not be used to enhance his sentence.[1] Since many foreign jurisdictions do not provide due process rights equivalent to those existing in the United States, it would be manifestly unfair to allow foreign convictions to be considered in sentencing a defendant convicted of a crime in this country.

It would be unwise for us to hold, as defendant suggests, that foreign convictions obtained without compliance with U.S. concepts of due process should not be considered in sentencing. That would require a sentencing court in each such situation to examine the law of the foreign jurisdiction. This would be a burdensome, difficult, and often impossible task. The only just and common sense position is that foreign convictions (that is, convictions rendered in foreign countries) should never be considered by sentencing judges in this jurisdiction. This way, foreign convictions which we, under our system of justice, would term unjust would not prejudice the defendant. While it is foreseeable that a foreign conviction valid by U.S. standards may be eliminated from the consideration of sentencing judges, the number of cases in which this problem would arise is extremely small. Testimony to this fact is our failure to find any case in the United States which deals with this precise issue. We, therefore, hold that in sentencing a defendant convicted of a crime in this state, the court may not consider prior convictions of the

---

[1] *See United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

defendant rendered in a foreign country.

Defendant's conviction is affirmed. The sentence imposed by the court below is vacated and this cause is remanded for resentencing in compliance with this opinion.