PEOPLE v TERRY

Docket No. 77-2137. Submitted June 14, 1978, at Detroit.—Decided
September 21, 1978.

Jeffrey W. Terry was convicted of felony murder, Macomb Circuit
Court, Robert J. Chrzanowski, J. The defendant appeals, claim-
ing (1) that the trial court should have granted his motion to
quash the information on the grounds that the crime of rape,
which was the underlying felony charge for the felony-murder
charge, had been abolished as of April 1, 1975, (2) that an
instruction to the jury which defined the crime of rape in
traditional common-law terms was erroneous since the rape
statute had been repealed, (3) that he had a constitutional right
to make a complete statement to the police, and (4) that the
prosecutor made an improper closing argument by stating "I
think the defendant knew what he was doing at the time".
*Held:*

1. The trial court's denial of the motion to quash on the basis
that rape still has a common-law meaning and that, therefore,
the felony murder charged against the defendant involved the
common-law definition of rape was not clearly erroneous.

2. The felony-murder instruction to the jury which used a
common-law definition of rape was not clearly erroneous.

3. A defendant has no constitutional right to confess or make
a statement to a police officer.

4. The statement to the jury in the prosecutor's closing
argument did not deny the defendant a fair trial because the
statement was interwoven with references to the evidence, the
statement was prefaced with "I think", there was evidence to
support the prosecutor's claim and it was in response to defense

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 72, 79.
[2] 40 Am Jur 2d, Homicide § 534.
[3] 29 Am Jur 2d, Evidence § 555.
[4] 75 Am Jur 2d, Trial § 261.
    Propriety and effect of prosecuting attorney's argument to jury
    indicating his belief or knowledge as to guilt of accused. 50
    ALR2d 766.

counsel's assertion that the defendant did not know what he was doing.

Affirmed.

1. RAPE—HOMICIDE—FELONY MURDER—COMMON-LAW RAPE—CRIMINAL SEXUAL CONDUCT CODE.

The crime of "rape" still has a common-law meaning and properly may be used as an underlying felony on which to base a felony murder conviction where a rape victim is killed by her assailant, even though the criminal sexual conduct statute has repealed the earlier rape statute effective April 1, 1975.

2. HOMICIDE—FELONY MURDER—RAPE—CRIMINAL SEXUAL CONDUCT—INSTRUCTIONS TO JURY—COMMON-LAW RAPE.

An instruction to the jury, in a felony-murder case for a murder of a rape victim following the enactment of the criminal sexual conduct statute which repealed the earlier rape statute, which defined "rape" in traditional terms of common-law rape was not a clearly erroneous instruction.

3. CONSTITUTIONAL LAW—CONFESSION—RIGHT TO CONFESS.

A defendant does not have a constitutional right to confess or make a statement to a police officer.

4. CRIMINAL LAW—STATEMENTS BY PROSECUTOR—BELIEF OF DEFENDANT'S GUILT.

Comments on the evidence by a prosecutor and suggestions by him that the jury may make certain inferences from that evidence are not improper; however, it is improper for the prosecutor to express personal belief in the guilt of a defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *David Dalenburg,* Assistant Prosecuting Attorney, for the people.

*Hopping & Boyer, P.C.,* for defendant on appeal.

Before: N.J. KAUFMAN, P.J., and BEASLEY and P.R. MAHINSKE,* JJ.

PER CURIAM. Defendant was convicted by a jury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of felony murder in violation of MCL 750.316; MSA 28.548. After sentence to life imprisonment, he appeals as of right.

The felony-murder charge was based upon an allegation that defendant perpetrated or attempted to perpetrate a rape of a 14-year-old victim.

Prior to trial, defendant moved to quash the information on the grounds that the crime of rape had been abolished as of April 1, 1975. Defendant argued that the information should have charged murder in the commission or attempted commission of criminal sexual conduct in the first degree, taking the position that the criminal sexual conduct statute operated to repeal the previous rape statute and that, therefore, at the time of this alleged offense, namely, August 27, 1976, there was not any crime of rape. The trial court denied this motion, holding that rape still has a common-law meaning and that, therefore, the felony murder here charged against defendant involves the common-law definition of rape. We do not believe that in enacting the criminal sexual conduct statute the Legislature intended to repeal or modify the felony-murder statute. If the Legislature had wished to modify the felony-murder statute so as to provide that a charge should describe the offense of criminal sexual conduct rather than rape, it would have been a simple matter to so provide in the statute. For example, when the Legislature changed the legal age of majority to 18, the Legislature specifically referred to those statutes which were affected by the new legal age law.[1] In this case, we conclude that the Legislature did not intend to change the felony-murder statute. Conse-

---

[1] MCL 722.53; MSA 25.244(53).

quently, we do not believe that the finding of the trial court in this regard was clearly erroneous.

In instructing the jury, the trial judge defined rape in traditional terms of common-law rape as has been customary in felony murder-rape cases. Although the victim was only 14, no reference was made to statutory rape. Defendant argues that it was reversible error to instruct regarding rape when the rape statute had been repealed. Consistent with our conclusion regarding legislative intention in enacting the criminal sexual conduct statutes, we reject this argument. The Legislature did not amend the felony-murder statute. The trial judge's instruction regarding common-law rape was not clearly erroneous.

Defendant makes the novel argument that he had a constitutional right to make a complete statement to the police, on the theory that it would have constituted evidence favorable to him regarding alleged extensive drug involvement going to his capacity to entertain the requisite intent.

A police officer testified that when defendant said he wanted to make a statement, he looked "tired" and "irritated". The officer then told defendant he would have a prosecutor and reporter available the next morning if he wanted to make a statement. On the following morning, defendant attempted suicide in the officer's presence, during which he volunteered the statement, "Let me kill myself. I killed her."

The record indicates no error. Like counsel for appellant, we are not aware of any authority supporting a view that a defendant has a constitutional right to confess or make a statement. Neither are we inclined to fault the police officer. The statements defendant did make were correctly

ruled admissible, since they were spontaneous, volunteered and not the result of custodial interrogation.[2]

Last, defendant claims the prosecutor made improper closing argument by asserting, "I think the defendant knew what he was doing at the time". While it is improper for the prosecutor to express a personal belief in the guilt of the defendant, it is not erroneous for the prosecutor to comment on the evidence and to suggest for the jury inferences from that evidence.[3] In this case, the statement to which defendant objects was inextricably interwoven with references to the evidence. The addition of the words "I think", the fact there was evidence to support the prosecutor's claim and the further fact that it was in response to defense counsel's assertion that defendant had not known what he was doing, make it clear that defendant was not denied a fair trial.[4]

Affirmed.

---

[2] *People v Leffew,* 58 Mich App 533, 536; 228 NW2d 449 (1975), *People v Coppernol,* 59 Mich App 745, 750; 229 NW2d 913 (1975).

[3] *People v Caldwell,* 78 Mich App 690, 692; 261 NW2d 1 (1977).

[4] *People v Page,* 63 Mich App 177, 179–180; 234 NW2d 440 (1975).