PEOPLE v CZERWINSKI

Docket Nos. 44434, 44435. Submitted May 7, 1980, at Lansing.—
Decided August 11, 1980. Leave to appeal applied for.

Pursuant to a plea bargain, defendant, Jeffrey Czerwinski, pled
guilty in the Bay Circuit Court to a charge of carrying a
concealed weapon. He also tendered a plea of nolo contendere
to a charge of assault with a dangerous weapon. Both pleas
were accepted and defendant was sentenced to a term of 30
months to 5 years on the carrying a concealed weapon convic-
tion and to a term of 30 months to 4 years on the assault
charge, John X. Theiler, J. Defendant appeals, alleging that his
carrying a concealed weapon conviction violated due process,
that no factual basis sufficient to support a conviction was
adduced and that the trial court improperly considered inaccu-
rate information in the presentence report before sentencing
defendant. *Held:*

1. The fact that the possession of a knife statute makes
possession of a switchblade knife a misdemeanor does not
preclude the state from charging defendant with the greater
offense of carrying a concealed weapon. The two statutes pro-
hibit different conduct and different elements are necessary for
a conviction under each. Since both statutes can be applied to
conduct involving concealment of a switchblade on the person
of a defendant, the prosecution may, in its discretion, properly
institute prosecution under either.

2. No showing that a knife is a dangerous weapon per se or is
carried for purposes of assault or defense is necessary to
support a plea of guilty to a carrying a concealed weapon
charge; rather, all that is necessary is that there be a sufficient
recitation of facts from which the trier of fact can draw an
inculpatory inference that the weapon is a dangerous weapon
per se within the meaning of the statute.

3. Defendant's failure to object, at the trial level, to consider-

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 97, 226.
  79 Am Jur 2d, Weapons and Firearms § 21.
[2] 79 Am Jur 2d, Weapons and Firearms §§ 1, 2, 21.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal Law §§ 527 *et seq.*, *583.5.*

ation by the trial court of information contained in the presentence report and now challenged as inaccurate precludes defendant from raising that issue on appeal.

4. Consideration by the trial court of any pertinent facts in the presentence report does not violate due process as long as defendant has an opportunity to explain or controvert such facts.

Affirmed.

1. CRIMINAL LAW — PROSECUTOR'S DISCRETION — STATUTES.

The existence of a statute making possession of a switchblade knife a misdemeanor does not preclude the prosecutor from charging a defendant with the greater offense of carrying a concealed weapon (MCL 750.226a, 750.227; MSA 28.423[1], 28.424).

2. CRIMINAL LAW — CARRYING A CONCEALED WEAPON — PLEA OF GUILTY — INFERENCES — ADEQUATE BASIS FOR CONVICTION.

A showing that a knife is a dangerous weapon per se or is carried for purposes of assault or defense is not necessary to support a plea of guilty to a charge of carrying a concealed weapon; rather, all that is necessary is that there be a sufficient recitation of facts from which the trier of fact can draw an inculpatory inference that the weapon is a dangerous weapon per se within the meaning of the statute (MCL 750.227; MSA 28.424).

3. APPEAL — CRIMINAL LAW — PRESENTENCE REPORTS — SENTENCING — PRESERVING QUESTION.

Failure to object at the time of sentencing to information in the presentence report precludes raising the issue on appeal.

4. CRIMINAL LAW — PRESENTENCE REPORTS — DUE PROCESS.

Consideration by the trial court of any pertinent facts in the presentence report does not violate due process as long as the defendant has an opportunity to explain or controvert such facts.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *David A. Hoort,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

CYNAR, P.J. Pursuant to a plea bargain, defendant pled guilty to carrying a concealed weapon (CCW), MCL 750.227; MSA 28.424, and also tendered a plea of nolo contendere to the charge of assault with a dangerous weapon, MCL 750.82; MSA 28.277. In exchange for defendant's pleas, the prosecutor agreed to dismiss supplemental informations filed in both cases and to dismiss separate charges of assault with a dangerous weapon and assault with intent to do great bodily harm less than the crime of murder. Defendant was sentenced to 30 months to 5 years on the CCW conviction and to 30 months to 4 years on the assault charge, said sentences to run concurrently. Defendant now appeals as of right.

Defendant first contends that his CCW conviction was violative of due process and in contravention of GCR 1963, 785.7(3)(a), in that no factual basis sufficient to support a finding of guilt was adduced. We disagree.

Initially, we are unpersuaded by defendant's argument that possession of a switchblade is, as a matter of law, a misdemeanor. Defendant claims that the Legislature intended that MCL 750.226a; MSA 28.423(1), a misdemeanor offense, would be the exclusive statute under which to charge a defendant in possession of a switchblade knife.

Assuming, *arguendo,* that mere possession is indeed a misdemeanor, the crime of carrying a concealed weapon as charged here requires proof of an additional element, namely concealment, over and above mere actual or constructive possession. See *People v Kincade,* 61 Mich App 498; 233

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 54 (1975), *inter alia.* Thus, every concealed carrying of a switchblade constitutes commission of the lesser possessory offense, whereas the converse proposition is not true. As such, not every defendant found in possession of a switchblade can be charged with CCW. More importantly, there is nothing in the statute itself indicative of a legislative intent to make MCL 750.226a the exclusive statute under which to charge one in possession of a switchblade, where the facts support a different charge as well. Additionally, the two statutes in question do not prohibit the same conduct, given the different elements necessary for a conviction under each. See *People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975), *aff'd* 402 Mich 460; 265 NW2d 1 (1978).

Since both statutes can be applied to conduct involving concealment of a switchblade on the person of a defendant, the prosecution may, in its discretion, properly institute prosecution under either. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972).

In a related argument, defendant contends his conviction cannot stand, even assuming he was properly charged, where there was no showing the knife in question was a dangerous weapon per se or carried for purposes of assault or defense. At his plea-taking proceeding defendant admitted that the weapon which he was carrying was a switchblade, was concealed, had a 3-inch blade, and was a dangerous weapon capable of inflicting very serious injury to a person. This was a sufficient recitation of facts from which a trier of fact could draw an inculpatory inference that the weapon was per se a dangerous weapon within the meaning of the CCW statute. *People v Haack,* 396 Mich 367, 377; 240 NW2d 704 (1976), *Guilty Plea*

*Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), *People v Vaines,* 310 Mich 500, 504-506; 17 NW2d 729 (1945), *People v Brown,* 406 Mich 215, 220-222; 277 NW2d 155 (1979). No more is required in this case. Accordingly, we find no infirmity in connection with defendant's plea of guilty to the CCW charge.

Having so concluded, we may reject summarily defendant's argument that, if we were to reverse his CCW conviction, he would be entitled to resentencing on the assault conviction.

Finally, defendant claims that he is entitled to resentencing because the trial court failed to adequately respond to defense challenges to information contained in the presentence report, and considered challenged inaccurate information in imposing sentence.

Defendant specifically takes exception to two letters contained in the presentence report, written at different times by two officers of the Bay City Police Department.

As to the letter written by officer Lochinski, no objection thereto was made at the time of sentencing, nor did defendant make a timely motion in the court below to have his sentence vacated. With regard to any claimed inaccuracies in this letter, defendant has failed to preserve the issue for appellate review. *Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975), *People v Powell,* 87 Mich App 192, 194; 274 NW2d 16 (1978).

Defendant did, however, object at the time of sentencing to the second letter contained in the presentence report. That letter had been written by detective Monville and contained statements that "the defendant has been a problem * * * for the past several years" and that "he has no regard for anyone or the law of the State of Michigan".

The detective indicated in the letter that he based his comments upon defendant's extensive juvenile record. It is worth noting that the presentence report contains an independent reference to defendant's extensive juvenile record which culminated in defendant's being waived over to the jurisdiction of the "adult" court.

Defense counsel's objection to the letter was that it contained, "certain conclusions regarding Mr. Czerwinski, without citing any basis for those conclusions". In response, the court indicated that, "the opinion of a police officer * * *, like any opinion of the general public, is a matter that may be of some interest to a court". The court went on to note that such opinions "have little direct impact" since the court ultimately has the obligation to determine what is a proper sentence.

We conclude that defendant was not denied due process as a result of this letter being contained in his presentence report. This case is controlled by *People v Books,* 95 Mich App 500, 503-504; 291 NW2d 94 (1980), where the Court stated:

"Information from agencies, including the police, with whom defendant has had contact in the past will be of assistance to the judge in determining the appropriate sentence to fit the individual offender as well as the offense. So long as a defendant has an opportunity to challenge the accuracy of the report and tell the court about any additional facts which might clarify or explain the information in the report, due process has been satisfied.

" 'GCR 1963, 785.12 is consistent with the procedure in other states permitting consideration of any pertinent facts in the presentence report if the defendant has an opportunity to explain or controvert such facts. We are of the conclusion that a reasonable view of *Grimmett [People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972)], in the light of *Lee [People v Lee,* 391

Mich 618, 636-639; 218 NW2d 655 (1974)] and *Martin*
*[People v Martin,* 393 Mich 145; 224 NW2d 36 (1974)], is
that reference to other criminal activity, for which no
conviction has resulted, may be included in the presen-
tence report and considered by the Court, provided the
defendant does have the opportunity for refutation
provided by GCR 1963, 785.12. This is consistent with
the Federal standards of due process set forth in *Wil-
liams v New York* and the decisions from other states.[4]

---

"[4] *People v McIntosh,* 62 Mich App 422, 445-446; 234 NW2d 157
(1975). Cases cited in the quotation are *People v Grimmett,* 388 Mich
590; 202 NW2d 278 (1972), *People v Lee,* footnote 2, *supra, People v
Martin,* 393 Mich 145; 224 NW2d 36 (1974) and *Williams v New York,*
337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949)."

---

Accordingly, we find no grounds for vacating
defendant's sentence, as it appears from the record
that due process dictates were satisfied in this
case.

We find no grounds for reversing defendant's
convictions and sentences and, therefore, affirm
the same.

Affirmed.