PEOPLE v GAINES

Docket No. 60794. Submitted March 22, 1983, at Detroit.—Decided
    October 10, 1983.

Jonnie C. Gaines was convicted of three counts of third-degree
    criminal sexual conduct by a jury in Detroit Recorder's Court
    and was sentenced to three concurrent terms of 10 to 15 years
    imprisonment, Vera M. Jones, J. Defendant appealed. *Held:*

· 1. The trial court did not err by permitting defendant to be
    cross-examined concerning a West German conviction. A for-
    eign conviction may be used for impeachment purposes if the
    foreign country provides criminal defendants with sufficient
    due process safeguards. Because defendant did not object to the
    use of evidence of the foreign conviction, the prosecutor did not
    have to present evidence concerning West Germany's justice
    system.

2. Defendant's contention that the prosecutor's remarks dur-
    ing closing argument were improper was not preserved for
    appellate review since defendant did not object to the remarks
    at trial. No miscarriage of justice will result from a failure to
    consider this issue.

3. The testimony of the complainant and defendant was
    sufficient to support an inference that it was defendant who
    ruptured the complainant's eardrum. Thus, the prosecutor's
    argument that use of force or coercion by defendant could be
    inferred from the fact that the complainant's eardrum was
    ruptured was not improper.

4. Defendant's arguments at trial that the jury instruction on
    consent should indicate that the defense of consent is available

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 8] 29 Am Jur 2d, Evidence §§ 127, 321.
    30 Am Jur 2d, Evidence § 982.
    Judgment of court of foreign country as entitled to enforcement or
        extraterritorial effect in state court. 13 ALR4th 1109.
[2] 75 Am Jur 2d, Trial § 260.
[3] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[4] 75 Am Jur 2d, Trial §§ 876, 877.
[5, 7, 8] 29 Am Jur 2d, Evidence § 328.
[6, 7] 5 Am Jur 2d, Appeal and Error §§ 710, 867.

if defendant's perception of the circumstances gave him reason to believe that there was consent and that lack of consent is an element of the crime charged has been abandoned since defendant makes no argument and cites no authority in support of those positions on appeal.

5. Defendant's argument that the trial court's use of the word "must" in its instruction on consent precluded the jury from drawing on their experiences and common sense and that the trial court's express mention of the conduct of the complaining witness, coupled with the word "must" in the jury instruction, precluded the jury from considering defendant's conduct was not preserved for appeal, and no manifest injustice will result from the Court of Appeals decision not to review the issue.

6. The trial court did not err in declining to instruct the jury on fourth-degree criminal sexual conduct. Fourth-degree criminal sexual conduct was not supported by a rational view of the evidence at trial.

7. The trial court did not err by considering defendant's West German conviction when sentencing defendant.

Affirmed.

R. M. MAHER, P.J., dissented. He agrees that defendant's convictions should be affirmed but he would hold that defendant is entitled to resentencing on the basis that a trial court should not consider a foreign conviction at sentencing. He would remand for resentencing without consideration of defendant's foreign conviction.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — FOREIGN CONVICTIONS.

   Evidence of convictions in a foreign country may be used for impeachment purposes if the foreign country provided criminal defendants with sufficient due process safeguards, and the burden of proof concerning the foreign country's criminal justice system is on the prosecution; however, where the defendant does not object to the use of the evidence at trial, the prosecution need not present evidence concerning the foreign country's criminal justice system.

2. PROSECUTING ATTORNEYS — EVIDENCE — INFERENCES.

   A prosecutor is entitled to comment on the evidence and to draw reasonable inferences from it.

3. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — PRESERVING
   QUESTION — COURT RULES.

   Objections to jury instructions must be made specifically and
   before the jury retires; failure to make a timely objection
   precludes appellate review unless the instructions given omit-
   ted an essential element of the crime or unless a failure to
   review the instructions would result in manifest injustice (GCR
   1963, 516.2).

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
   SES — FELONIES — MISDEMEANORS.

   One of the conditions for an instruction on a lesser included
   misdemeanor offense in a trial for a felony is that there must
   be not only a rational basis supported by evidence adduced at
   trial which would justify conviction of the misdemeanor but
   that proof on the element or elements differentiating the two
   crimes must be sufficiently in dispute so that the jury may
   consistently find the defendant innocent of the greater and
   guilty of the lesser included offense.

5. CRIMINAL LAW — SENTENCING — EVIDENCE — FOREIGN CONVIC-
   TIONS.

   Evidence of foreign convictions may be considered in sentencing,
   subject to the requirement of a showing on a case-by-case basis
   that the criminal justice system of the country in question
   provided the defendant with sufficient due process safeguards if
   the defendant objects to the court's consideration of the evi-
   dence.

6. CRIMINAL LAW — SENTENCING — INACCURATE INFORMATION.

   A defendant waives a claim that the trial court considered
   inaccurate information in sentencing by failing to object at the
   time of sentencing or to move in the lower court for vacation of
   the sentence.

7. CRIMINAL LAW — SENTENCING — EVIDENCE — FOREIGN CONVIC-
   TIONS.

   At sentencing, as at trial, the prosecution should not be obligated
   to produce evidence concerning the criminal justice system of a
   foreign country in which the defendant has been convicted of a
   crime unless the defendant objects to consideration of the
   foreign conviction.

Dissent by R. M. Maher, P.J.

8. Criminal Law — Sentencing — Foreign Convictions.
   *A trial court should not consider a foreign conviction at sentencing.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: R. M. Maher, P.J., and MacKenzie and M. B. Breighner,* JJ.

MacKenzie, J. Defendant was charged with three counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). After a jury trial, he was convicted of three counts of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4). He was sentenced to imprisonment for three concurrent terms of 10 to 15 years, and he appeals as of right.

I

Defendant first argues that the trial court erred by permitting him to be cross-examined concerning a West German conviction. In *People v Braithwaite,* 67 Mich App 121; 240 NW2d 293 (1976), the Court held that a foreign conviction could not be considered in sentencing. The Court reasoned that constitutionally infirm convictions may not be considered in sentencing, that many foreign countries do not afford criminal defendants the due process safeguards existing in this country, and that a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

case-by-case determination of whether sufficient safeguards were afforded would be too burdensome. However, in *People v Wallach,* 110 Mich App 37, 67-72; 312 NW2d 387 (1981), the Court criticized the *Braithwaite* panel's absolute prohibition of the use of foreign convictions and held that a foreign conviction could be used for impeachment purposes if the foreign country provided criminal defendants with sufficient due process safeguards. The Court placed the burden of proof concerning the foreign country's criminal justice system on the prosecution.

We agree with the *Wallach* panel that a case-by-case approach is preferable. Defendant points out that here the prosecution produced no evidence concerning the West German criminal justice system. However, defendant did not object to the cross-examination concerning the West German conviction at trial. In cases involving the trial court's discretion to exclude prior convictions pursuant · to MRE 609, defendants have not been permitted to contend on appeal that their convictions should have been exlcuded if they raised no such issue at trial. *People v Moore,* 391 Mich 426, 435-436; 216 NW2d 770 (1974); *People v Henry,* 395 Mich 367, 376-377; 236 NW2d 489 (1975). The *Wallach* panel placed the burden of proof on the prosecution by drawing an analogy to cases involving MRE 609. We draw the same analogy and conclude that the prosecution need not present evidence concerning the foreign country's criminal justice system unless defendant objects to the use of the foreign conviction.

## II

Defendant complains of various remarks made by the prosecutor during closing argument. Two of

the remarks concern the West German conviction. Defendant made no objection at trial to the remarks, and appellate review is therefore foreclosed unless our failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

Defendant points to the following remarks:

"He tells you that he has been convicted once in Western Europe for a felony involving cocaine.

"He told you yesterday though, no I wasn't using any narcotics on November 4, 1980."

Defendant correctly points out that the testimony showed only a conviction for possession of narcotics, not cocaine. However, we cannot say that "cocaine" is so much more inflammatory a term than "narcotics" that our failure to consider this issue would result in a miscarriage of justice. Defendant also argues that the second remark quoted above implied that defendant was using narcotics on the day of the crime. There was no evidence that defendant used narcotics on the day of the crime and evidence of such use of narcotics would not have been relevant to anything at issue in the case. However, because the remark was indirect and isolated, we cannot say that our failure to consider this issue would result in a miscarriage of justice.

Defendant also complains of the prosecutor's argument that use of force or coercion by defendant could be inferred from the fact that the complainant's eardrum was ruptured. Defendant argues that this argument was not supported by the evidence. No objection was made when the prosecutor made this argument, but defendant subsequently moved for a mistrial. We will assume

without deciding that such a procedure was adequate to preserve this issue for appellate review.

Defendant points out that the doctor who examined the complainant after the crime was unable to recall whether he saw any signs that the rupture of the complainant's eardrum was recent. However, the complainant testified that defendant struck her and kicked her repeatedly and that among her injuries was a ruptured eardrum. Defendant himself testified that he slapped complainant hard, possibly in the ear, but that he doubted that he ruptured her eardrum. The prosecutor is entitled to comment on the evidence and to draw reasonable inferences from it. *People v Terry,* 86 Mich App 64, 68; 272 NW2d 198 (1978). The testimony of complainant and defendant was sufficient to support an inference that it was defendant who ruptured the complainant's eardrum.

## III

Defendant also argues that the trial court's instruction on the defense of consent was erroneous. The trial court instructed the jury:

"In determining whether or not the complainant did in fact consent you must consider all of the testimony and evidence including the conduct of the complainant witness."

Objections to jury instructions must be made specifically and before the jury retires. GCR 1963, 516.2. The failure to make a timely objection precludes appellate review unless the instructions given omitted an essential element of the crime or unless a failure to review the instructions would result in manifest injustice. See, for example, *Peo-*

*ple v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979).

At trial, defendant objected to the trial court's instruction on consent and argued that the instructions should indicate that the defense of consent is available if defendant's perception of the circumstances gave him reason to believe that there was consent. Defendant also argued that lack of consent was an element of the crime. On appeal, defendant makes no argument and cites no authority in support of these positions. Defendant has therefore abandoned them. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959).

Now, defendant argues that the trial court's use of the word "must" precluded the jury from drawing on their experiences and common sense and that the trial court's express mention of the conduct of the complaining witness, coupled with the word "must", precluded the jury from considering defendant's conduct. No such objection was made at trial. Moreover, defendant's argument is fundamentally illogical. Telling the jury that it must consider one thing does not tell the jury that it must not consider something else. The jury was told to consider all of the evidence. No essential element of the crime was omitted and no manifest injustice is presented.

## IV

Defendant argues that the trial court erred by declining to instruct the jury on fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5). Defendant claims that, under the facts presented here, fourth-degree criminal sexual conduct was a cognate lesser offense of the charged offense of first-degree criminal sexual conduct. See

*People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). However, in view of *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982), we need not consider this claim.

MCL 750.520e; MSA 28.788(5) specifies that fourth-degree criminal sexual conduct is a misdemeanor punishable by imprisonment for not more than two years, or by a fine of not more than $500, or both. Fourth-degree criminal sexual conduct also falls within the definition of "misdemeanor" stated in MCL 750.8; MSA 28.198. In *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), the Court held:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

Of course, the *Chamblis* rule did not prevent instruction on fourth-degree criminal sexual conduct here. However, when in *Stephens* the Court overruled the foregoing holding from *Chamblis,* the Court adopted a new rule concerning when lesser offense instructions may be given. The *Stephens* rule applies to misdemeanors but not to felonies, 416 Mich 264. The Court's repeated use of the term "misdemeanor" and the distinction drawn between "misdemeanors" and "felonies" convinces us that application of the *Stephens* rule was not intended to be limited merely to those misdemeanors to which the old *Chamblis* rule applied.

The *Stephens* Court held, at 416 Mich 262-263:

"[T]he requested misdemeanor must be supported by a rational view of the evidence adduced at trial. This means that not only must there be some evidence which would justify conviction of the lesser offense, but that 'proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' [*United States v Whitaker*, 144 US App DC 344, 347; 447 F2d 314 (1971).] (Footnote omitted.)"

The essential difference between fourth-degree criminal sexual conduct and the crimes of which defendant was convicted is that the latter involved sexual penetration but the former involves merely sexual contact. Here, however, defendant admitted the sexual penetrations but relied on a defense of consent. Therefore, fourth-degree criminal sexual conduct was not supported by a rational view of the evidence at trial. Because *Stephens* would prevent an instruction on fourth-degree criminal sexual conduct if we were to order a new trial, any claim that the law at the time of trial required such an instruction is now moot.

## V

Defendant also raises two issues concerning sentencing. Defendant first argues that the court erred by considering his West German conviction. The record does not clearly show that the conviction was considered, but we will assume without deciding that it was. We agree with the panel in *People v Wallach, supra,* pp 69-70, that a better case can be made for consideration of foreign convictions in sentencing than at trial. A judge needs complete information to set a proper individualized sentence. *People v McFarlin,* 389 Mich 557,

574; 208 NW2d 504 (1973). We therefore hold that foreign convictions may be considered in sentencing, subject to the requirement of a showing on a case-by-case basis that the criminal justice system of the country in question provided defendant with sufficient due process safeguards. No such showing was made here, but the record contains no objection to the court's consideration of the conviction. A defendant waives a claim that the court considered inaccurate information in sentencing by failing to object at the time of sentencing or to move in the lower court for vacation of the sentence. See, for example, *People v Czerwinski,* 99 Mich App 304, 308; 298 NW2d 16 (1980). This rule convinces us that at sentencing, as at trial, the prosecution should not be obligated to produce evidence concerning the criminal justice system of the foreign country unless defendant objects to consideration of the foreign conviction.

Defendant also argues that a remark by the court showed that the court mistakenly believed that defendant kicked the complainant to cause her ruptured eardrum. Actually, the testimony at trial shows that defendant kicked the complainant, but that the ruptured eardrum was caused by defendant's hitting the victim. Defendant made no objection to the remark at issue. Moreover, while due process requires that sentencing be based on accurate information, some inaccuracies are so obviously unprejudicial that resentencing is not required. *People v Malkowski,* 385 Mich 244, 249-250; 188 NW2d 559 (1971). It is impossible to believe that the sentence here might have been different had the court known that the ruptured eardrum was caused by one of the blows defendant struck with his hand rather than one that defendant struck with his foot.

Affirmed.

M. B. BREIGHNER, J., concurred.

R. M. MAHER, P.J. *(dissenting)*. I respectfully dissent. Although I agree that the defendant's convictions should be affirmed, I believe that he is entitled to resentencing.

In *People v Braithwaite,* 67 Mich App 121; 240 NW2d 293 (1976), this Court held that convictions rendered in a foreign country should never be considered by sentencing judges. The Court recognized that some foreign convictions may comport with due process standards employed in the United States. It could have required the sentencing court to examine the law of the country in which the conviction was obtained. The court rejected that approach, however, as imposing "a burdensome, difficult, and often impossible task". 67 Mich App 123.

In *People v Wallach,* 110 Mich App 37; 312 NW2d 387 (1981), the Court considered the use of a foreign conviction for impeachment purposes. Disagreeing with *Braithwaite,* the Court held that a foreign conviction may be used for that purpose if the prosecution establishes that "the specific legal system in which defendant was convicted is fundamentally fair". 110 Mich App 71.

In principle, I agree that a conviction obtained in a jurisdiction that provides basic safeguards to the accused should not be excluded from sentencing. However, as *Braithwaite* emphasizes, the inquiry into the law of a jurisdiction to determine its fairness will not work out in practice. It does not simply require researching a single point of foreign law, but instead, demands a survey of that country's entire system of criminal justice in search of the basic components of due process. The

problem is compounded when, as in the present case, the law to be researched is written in a language other than English. One cannot expect the busy prosecutors, defense attorneys, and courts of this state to shoulder such a burden. Thus, I believe that *Braithwaite* expresses the better view. I would hold that a trial court cannot consider a foreign conviction at sentencing.

In the present case, the record does not indicate whether or not the court considered the defendant's West German conviction at sentencing. However, rather than remanding for an evidentiary hearing to determine whether that conviction was considered, I would simply remand for resentencing without consideration of that conviction.