PEOPLE v BALDWIN

Docket No. 67723. Submitted September 12, 1983, at Lansing.—Decided November 22, 1983.

Robert A. Baldwin pled guilty in Kalamazoo Circuit Court to a charge of delivery of a controlled substance and was sentenced, Donald T. Anderson, J. Defendant appealed, contending that he is entitled to resentencing because the trial court failed to respond to his allegations of inaccuracies in the presentence report. *Held:*

1. Defendant waived his claim that the trial court may have relied on inaccurate information by failing to first present the claim to the trial court by a motion to vacate sentence.

2. The trial court acknowledged defense counsel's criticisms of the presentence report at the sentencing proceeding, read the report with a critical eye, and disregarded information which was incorrect or irrelevant. Defendant was offered and utilized fully his right of allocution.

Affirmed.

1. CRIMINAL LAW — SENTENCING — INACCURATE INFORMATION — MOTION TO VACATE SENTENCE.

A defendant who feels his sentence was based on inaccurate information must first present the claim to the trial court by a motion to vacate sentence; failure to do so waives any claim that the sentence was based on inaccurate information.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A trial court must exercise its discretion to consider and weigh a presentence report by responding to a defendant's claims that the information included in the report is incorrect.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

Hearsay and conclusory statements offered by an investigator, as

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 527, 528, 535.
Defendant's right to disclosure of presentence report. 40 ALR3d 681.

well as juvenile dispositions of the defendant, may be included in presentence reports.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Leroy E. Densmore,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich,* for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. Pursuant to a plea bargain, defendant pled guilty to delivery of a controlled substance (LSD), MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b). He was sentenced on September 13, 1982, to a four- to seven- year term of imprisonment.

At sentencing, defense counsel objected to the contents of the presentence report on the ground that it contained improper, conclusory statements pertaining to such things as defendant's life style, lack of employment, and possible continued use of controlled substances. The report also included defendant's juvenile record, including some charges which apparently did not result in trial or conviction. The trial judge conceded that he was "disturbed" by the inclusion of certain information but told defense counsel that he had sorted through the report and found the complained-of information, and that he had "long since learned that whenever you read a presentence report, you sort out what is factual and you sort out what is not necessarily fiction, which is not relevant. And I have done that in this case. I recognize the problems you had because I had the same problems. * * * He doesn't have an extensive history

in juvenile." The trial court then discussed defendant's convictions as an adult. Defendant now claims that he is entitled to resentencing because the trial court failed to respond to his allegations of inaccuracies in the presentence report. We disagree.

Where a defendant feels his sentence was based on inaccurate information, he must first present this claim to the trial court by a motion to vacate sentence. By failing to do so in the instant case, defendant waived his claim that the trial court may have relied on incorrect information as evidenced by its failure to respond to defendant's allegations of presentence report errors. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Gaines,* 129 Mich App 439; 341 NW2d 519 (1983); *People v Czerwinski,* 99 Mich App 304, 308; 298 NW2d 16 (1980).

Even should defendant's argument be considered on its merits, however, it is clear from the record that the trial court acknowledged defense counsel's criticisms and read the presentence report with a critical eye. It is apparent that the trial court agreed that some of the complained-of information was either irrelevant or inappropriate and weighed the presentence report accordingly. The trial court then noted defendant's adult conviction record and the fact that defendant was on probation at the time he committed the instant offense.

Where the accuracy of information is in dispute, the trial court must exercise its discretion to consider and weigh the presentence report by responding to defendant's claims of false information. *People v Horace Williams,* 77 Mich App 402; 258 NW2d 737 (1977), *modified on other grounds* 402 Mich 950j (1978); *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975). Here the trial

court responded to the claims and exercised its discretion by disregarding that information which was incorrect or irrelevant. Furthermore, it is not clear that all of the information objected to by defendant was in fact barred from consideration by the trial court. Hearsay and conclusory statements offered by the investigator may permissibly be included within presentence reports, *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980), as may juvenile dispositions of a defendant. *People v Anderson,* 107 Mich App 62; 308 NW2d 662 (1981). In addition, the trial court questioned defendant as to his adult convictions and stated that he based defendant's sentence on the crime for which defendant was then being charged. Defendant was offered and utilized fully his right of allocution.

We find no abuse of discretion by the trial court in responding to defendant's objection or otherwise in sentencing defendant and therefore decline to reverse defendant's conviction. See *People v Donald,* 103 Mich App 613; 303 NW2d 247 (1981), and *People v Cox,* 53 Mich App 314; 218 NW2d 843 (1974).

Affirmed.