PEOPLE v GALVAN

Docket No. 187042. Submitted August 6, 1997, at Grand Rapids. Decided
October 24, 1997, at 9:05 A.M. Leave to appeal sought.

Gilbert J. Galvan, also known as Gilbert Galvin and John Moskal,
pleaded guilty in the St. Joseph Circuit Court of attempted false
pretenses. Before sentencing, he escaped from jail. He was then
arrested in Canada and served a sentence there for armed robbery.
After being transferred to a United States federal prison, he was
returned to Michigan for sentencing for the attempted false pre-
tenses conviction. The court, James Noecker, J., sentenced him to
three to five years' imprisonment, with credit for 273 days served.
The defendant appealed from his sentence, alleging that the court
erred in considering his Canadian convictions in imposing the
sentence.

The Court of Appeals *held*:

Judicial notice may be taken that Canada is a democratic society
with a legal system based on the same principles as ours. Because
of this, judicial notice may also be taken that the defendant
received due process in the Canadian system. It was proper to con-
sider the Canadian convictions at sentencing because there was no
affirmative showing or claim that the defendant was denied his due
process rights in the Canadian system.

Affirmed.

1. SENTENCES — CONVICTIONS IN FOREIGN JURISDICTIONS — DUE PROCESS.

A trial court should have all relevant information before it in order to
fashion an appropriate sentence; convictions in other jurisdictions
are relevant considerations as long as the court is convinced that
the defendant was afforded due process in that system.

2. SENTENCES — CONVICTIONS IN FOREIGN JURISDICTIONS — DUE PROCESS —
JUDICIAL NOTICE — CANADA.

Judicial notice may be taken that Canada is a democratic society
much the same as ours with a legal system based on the same prin-
ciples derived from the English common-law tradition; judicial
notice may also be taken that a defendant received due process
when convicted of a crime in the Canadian system where there is

no affirmative showing or claim that the defendant was denied due process rights in the Canadian system.

*Ronald D. Ambrose*, for the defendant on appeal.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and JANSEN, JJ.

JANSEN, J. In 1984, defendant pleaded guilty of attempted false pretenses, MCL 750.92; MSA 28.287 and MCL 750.218; MSA 28.415. Before sentencing, defendant escaped from jail. He was subsequently arrested in Ontario, Canada, where he served a sentence for armed robbery before being transferred to a United States federal prison. On May 5, 1995, defendant was returned to Michigan for sentencing. Defendant was sentenced to three to five years' imprisonment, with credit for 273 days served, for his conviction of attempted false pretenses. He appeals as of right and we affirm.

Defendant's sole argument on appeal is that the trial court erred in considering defendant's Canadian convictions when imposing the sentence. A thorough explanation of the proceedings at sentencing is necessary in order to resolve this issue. Defendant initially objected to the use of his Canadian convictions in the sentence information report. He contended that it was impermissible to consider foreign convictions at all in sentencing. The trial court overruled the objection, stating that "it doesn't make any difference where the conviction entered as long as that it comported with due process." The trial court's statement of the law was correct. *People v Gaines*, 129 Mich App 439, 449; 341 NW2d 519 (1983); *People v Wal-*

*lach,* 110 Mich App 37, 69; 312 NW2d 387 (1981). [1] Importantly, we note that defendant did not claim at sentencing that he was not afforded sufficient due process rights in the Canadian system.

Moreover, we can take judicial notice of the fact that Canada is a democratic society much the same as ours and that its legal system is based on the same principles derived from the English common-law tradition. See MRE 202(a). Because of this, we can also take judicial notice that defendant received due process in the Canadian system. Therefore, there being no affirmative showing or claim that defendant was denied his due process rights in the Canadian system, it was proper for the trial court to consider the Canadian convictions at sentencing.

Affirmed.

---

[1] In *Wallach, supra,* p 70, this Court held that the blanket prohibition of *People v Braithwaite,* 67 Mich App 121, 123; 240 NW2d 293 (1976), that evidence of a conviction under Canadian law can never be a permissible consideration in determining a sentence, should not be followed. We agree with the Court in *Wallach* that the holding in *Braithwaite* is overbroad and should not be followed. For practical purposes, a trial court should have all relevant information before it to fashion an appropriate sentence. Convictions in other jurisdictions are a relevant consideration at sentencing and should be considered as long as the courts are convinced that the defendant was afforded due process in that system.